1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GREAT LAKES REINSURANCE
(UK) PLC,

                              Plaintiff,

        vs.

GERARD H. DION,

                              Defendant,

 AND RELATED CROSS-ACTIONS.

CASE NO. 09 CV 1781 JM
(POR)

**ORDER GRANTING
MOTION TO DISMISS**

Doc. No. 15

        This is an action in admiralty on a marine insurance contract.  Defendant, Counterclaimant, and Third Party Plaintiff Gerard H. Dion ("Dion") owned the M/V Destino, which sank on May 15, 2009.  (Doc . No. 9, Counterclaim, hereinafter "CC," ¶¶ 5, 17).  Dion had purchased an insurance contract on the M/V Destino from Plaintiff and Counterdefendant Great Lakes Reinsurance PLC ("Great Lakes").  (CC ¶ 7).  Third Party Defendant Jarvis Insurance Agency, Inc. ("Jarvis") brokered the purchase of the insurance policy.  (CC ¶ 7).  After the M/V Destino sank, Great Lakes declined coverage on the loss.  (CC ¶ 18).  Great Lakes sued Dion for a declaratory judgment that the loss was not covered; Dion countersued.  (Doc. Nos. 1, 9).  Great Lakes now moves to dismiss the third cause of action—for breach of the implied covenant of good faith and fair dealing—from Dion's amended counterclaim.  (Doc. No. 15).

09cv1781

1    The court finds this matter appropriate for decision without oral argument.  *See* CivLR

2  7.1(d)(1).  For the following reasons, the court hereby GRANTS Great Lake's motion to dismiss.

3  **I.    BACKGROUND**

4    According to the counterclaim, Dion purchased the M/V Destino in 2005.  (CC ¶ 5).  He hired

5  Jarvis to broker a marine insurance policy for the M/V Destino.  (CC ¶ 5).  Jarvis procured a policy

6  on Dion's behalf from Great Lakes.  (CC ¶ 7).  That policy was annually renewed through November

7  4, 2009.  (CC ¶ 7).

8    Two clauses of the insurance policy are relevant to this motion.  First, the "Service of Suit"

9  clause provides that "the Assured may serve process upon any senior partner in the firm of: LeBoeuf,

10  Lamb, Greene & Macrae" in New York, NY.  (Doc. No. 1, Ex. D at 13).  Second, the policy contains

11  a "Choice of Law" provision that provides,

12    It is hereby agreed that any dispute arising hereunder shall be adjudicated according
    to well established, entrenched principles and precedents of substantive United States
13    Federal Admiralty law and practice but where no such well established, entrenched
    precedent exists, this insuring agreement is subject to the substantive laws of the state
14    of New York.

15  (*Id.*).

16    Around the time of the policy's last renewal, in late 2008, Great Lakes, Jarvis, and Dion

17  exchanged various communications—the details of which are disputed—about the status of the M/V

18  Destino.  (CC ¶¶ 9-15).  Based partly on these communications, Great Lakes denied coverage for the

19  loss of the M/V Destino.  (CC ¶ 18).

20  **II.    LEGAL STANDARD**

21    A court should dismiss an action where a complaint fails to "state a claim upon which

22  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Therefore, a motion to dismiss should be granted

23  where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a

24  cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In

25  evaluating the claim a court must "accept as true all of the allegations contained in [the]

26  complaint."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

27    In testing the complaint's legal adequacy, the court may consider material properly

28  submitted as part of the complaint or subject to judicial notice.  *Swartz v. KPMG LLP*, 476 F.3d

1   756, 763 (9th Cir. 2007).  Furthermore, under the "incorporation by reference" doctrine, the court

2   may consider documents "whose contents are alleged in a complaint and whose authenticity no

3   party questions, but which are not physically attached to the [plaintiff's] pleading." *Janas v.*

4   *McCracken (In re Silicon Graphics Inc. Sec. Litig.)*, 183 F.3d 970, 986 (9th Cir. 1999) (internal

5   quotation marks omitted).

6   **III.   DISCUSSION**

7         **A.   CHOICE OF LAW**

8         The court must first determine what law applies to this case.  The parties agree that

9   *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992), governs this issue.  Under *Nedlloyd*,

10  the court first determines whether the choice of law has a substantial relationship to the parties or

11  whether there is a reasonable basis for the parties' choice of law.  *Id.* at 466.  If this first hurdle is

12  leapt, the court then considers whether the choice of law is contrary to a fundamental policy of the

13  forum state.  *Id.*

14        The policy provides that the Assured may serve process on Great Lakes agent in New

15  York. This creates a reasonable basis for the parties' choice of law.  *Great Lakes Reinsurance*

16  *(UK) PLC v. Southern Marine Concepts, Inc.*, No. G-07-276, 2008 WL 6523861 (S.D. Tex.

17  October 21, 2008).  Moreover, the parties have not identified any fundamental policy of either

18  California or admiralty law that conflicts with New York law.  *See Nedlloyd*, 3 Cal. 4th at 468.

19  Therefore, the court finds that the choice of law provision in the policy should be enforced, and

20  New York Law shall apply.

21  ///

22        **B.   IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

23        New York does not recognize the tort of "bad faith" in the context of a first-party claim on

24  an insurance contract.  *Aquista v. New York Life Ins. Co.*, 730 N.Y.S.2d 272, 278 (N.Y.A.D. 2001).

25  Rather, the rights and obligations of parties to an insurance contract are defined by that contract.

26  *Id.*  Therefore, Dion's counterclaim for breach of the implied covenant of good faith and fair

27  dealing must fail as a matter of law.

28  ///

1

**IV.** **CONCLUSION**

2

For the foregoing reasons, the court hereby GRANTS Great Lakes motion to dismiss.

3

**IT IS SO ORDERED.**

4

DATED:  December 18, 2009

5

Hon. Jeffrey T. Miller
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -